THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>RONALD BREKKE,<br><br>                Defendant. | No. CR10-328JCC<br><br>NON-PARTY GOOGLE INC.'S MOTION TO QUASH WITNESS SUBPOENA<br><br>NOTE ON MOTION CALENDAR:<br>March 9, 2012 |

## I.  INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials. To that end, Google Inc. ("Google") has provided the government with a 902(11) declaration to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for March 12, 2012. Nevertheless, the government has served non-party Google with a witness subpoena to authenticate its business records at trial (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Colin Bogart ("Bogart Decl."). Despite the dictates of Rule 902(11), the Witness Subpoena purports to demand that Google produce a records custodian who can provide testimony on information that is well within the ambit of information covered by Rules 803(6)

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

Case 2:10-cr-00328-JCC Document 183 Filed 03/01/12 Page 2 of 10

and 902(11). Further, the government suggests that Google's testimony is necessary to support the "interstate" element of the underlying crime, despite the fact that the key communications on which the government relies do not involve Google. *See* Government's Trial Brief ("Trial Brief") at 7. For these reasons and those described in further detail below, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted, and the government can easily address the interstate element of the crime, without live testimony from Google, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II. FACTUAL BACKGROUND

On January 29, 2010, Google received a search warrant (hereafter, the "Warrant") from the U.S. Treasury Department, Internal Revenue Service, Criminal Investigation Division requesting certain business records. *See* Bogart Decl. ¶ 4. On February 10, 2010, Google produced 1 CD of documents in response to the Warrant. *Id*

On February 17, 2012 a witness subpoena dated February 17, 2012, was served upon Google by the United States Attorney's Office, Western District of Washington, pursuant to Rule 17 of the Federal Rules of Criminal Procedure (the "Witness Subpoena"). *See* Ex. 1 to Bogart Decl. The Witness Subpoena purports to demand the attendance of a witness (or witnesses) at the trial in this matter to authenticate the documents produce by Google in response to the Warrant.

On February 28, 2012 Google produced 1 duplicate original CD of documents in response to the Warrant accompanied by a declaration of a custodian in compliance with Federal Rule of Evidence 902(11). *See* Ex. 2 to Bogart Decl. Also on February 28th, Google spoke with

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

the government regarding its subpoena, at which time the government informed Google that its testimony was also needed to establish the interstate element of the alleged crime. *See* Bogart Decl., ¶ 6.

Google's counsel has attempted to resolve this matter without the Court's intervention, but the government has made clear that it does not believe this Court will accept a 902(11) declaration in lieu of live testimony where the defendant will not stipulate to the authenticity of the records, and further maintains that Google's testimony is needed to establish the interstate element of the alleged crime.

### III. ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

**A. The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)....*" (emphasis added).

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 3

41063-0002/LEGAL22962058.3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> **(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> **(B)** was kept in the course of the regularly conducted activity; and
>
> **(C)** was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In the case at bar, there can be no dispute that the documents produced by Google in response to the Warrant are business records under Rule 803(6). There can also be no dispute that Google's declaration complies with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United States v. Green*, 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished).[1]

Indeed, to enforce the government's Witness Subpoena and compel Google to send a witness to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006).[2]

For these reasons, Google respectfully submits that its business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

---

[1] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

[2] *See also Lorraine v. Markel American Insurance Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes*, No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") quoting Advisory Committee Notes, 2000 Amendments to Rule 902.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

### B. Google's Testimony is Unnecessary to Show the Interstate Nature of the Alleged Crime

The government has also suggested that Google's testimony is needed to show the interstate nature of the alleged crimes. *See* Bogart Decl., ¶ 6. Specifically, the government wants to ask Google's records custodian about the locations of Google's servers. Trial Brief, at 19. However, Google's testimony on this point is unnecessary and irrelevant, in part because the government's own trial brief shows that the facts at issue for the interstate element do not involve Google, in part because the government never subpoenaed Google for information regarding its server locations in the first place, and in part because internet communications are inherently interstate.

The government's trial brief describes the three wire communications that are central to the government's claim. *See* Trial Brief, at 7. These wires include a Yahoo email allegedly received by defendant in California, and which was sent from Seattle; a fax allegedly received by defendant, in California, and which was sent from a Seattle apartment; and a PayPal payment allegedly made to defendant, in California, and which was sent from an IP address located in Seattle. *Id.* None of these three wires involve Google or any communications made using Google, and the government has separately alleged the interstate nature of each communication. Accordingly, Google's testimony regarding the location of its servers is irrelevant and unnecessary to the interstate element of the crime.

Google's lack of relevance to the interstate element is made all the more evident by the fact that the government never subpoenaed Google regarding the location of its servers – and made no mention of it to Google at all – until it learned that Google planned to file a motion to quash this subpoena. *See* Bogart Decl. ¶ 6. In so doing, the government implicitly concedes that Google's live testimony on this point is not needed. While the government suggests in its brief that Google will testify that its servers "are maintained in California," *see* Trial Brief at 19, Google never made any such representation to the government – either regarding its server

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

locations or any purported testimony. Regardless, Google's testimony on this point is irrelevant and unnecessary because the wire communications on which the government's case is based do not involve Google.

Additionally, courts have held that "contact [] made between an individual's computer and an Internet website" is sufficient to satisfy the "interstate" element of a computer crime. *U.S. v. Drew*, 259 F.R.D. 449, 458 (N.D. Cal. 2009) (holding that use of the internet is sufficient to satisfy the "interstate" element of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030). "The internet is a 'unique and wholly new medium of worldwide human communication'...[a] computer that provides access to worldwide communications would satisfy the element of interstate communications." *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 248 F.R.D. 598, 602 n.5 (D. Kan. 2008) (quoting *Reno v. ACLU*, 521 U.S. 844, 849-850 (1997)). "As a practical matter, a computer providing a 'web-based' application accessible through the internet would satisfy the 'interstate communication' requirement" of the CFAA. *Id* at 602. "[T]ransmission ... by means of the Internet is tantamount to moving [information] across state lines and thus constitutes transportation in interstate commerce." *U.S. v. Albert*, 195 F.Supp.2d 267, 278 (D. Mass. 2002) (holding that use of the internet is sufficient to establish the interstate element of 18 U.S.C. § 2252A, regarding distribution of child pornography).[3] The Trial Brief alleges that defendant accessed the Internet to make two of the three key wire communications. As noted above, internet access is generally sufficient to show the interstate nature of a computer crime. Thus, Google's testimony regarding the location of its servers is irrelevant and unnecessary for this additional reason, and Google respectfully requests that this Court quash the government's subpoena to Google.

---

[3] The government may argue that *U.S. v. Wright*, 625 F.3d 583 (9th Cir. 2010), stands for the proposition that internet use alone is insufficient to satisfy the interstate element of a crime. However, *Wright* involved a unique situation in which it was undisputed that no evidence crossed state lines, and the court held that Internet use alone was insufficient to turn a purely intrastate communication into an interstate one. No such undisputed evidence exists here, and further additional evidence supports the interstate nature of the alleged crime. Trial Brief, at 7.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

### C. The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *see also Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven, and beyond providing duplicative testimony on a tangential point. The documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11), and the key interstate wire communications on which the government relies do not involve Google.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process and receives literally tens of thousands of requests for assistance on an annual basis. *See* Bogart Decl. ¶ 2. The types of investigations that lead to these requests run the gamut from fraud cases such as this instance, kidnappings and other emergencies, to routine civil and criminal demands

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3

for records. *Id.* Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would be simply impossible for Google to sufficiently staff its team in order to comply with all of its legal obligations. *Id.*

Accordingly, when the government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.  CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and request that it be quashed in its entirety.

Respectfully submitted,

DATED: March 1, 2012

By: s/ John R. Tyler
Albert Gidari #18521
John R. Tyler #42097
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: RTyler@perkinscoie.com

Attorneys for Non-Party Google Inc.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 9

41063-0002/LEGAL22962058.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I hereby certify this 1st day of March, 2012, that I served copies of the foregoing document via overnight mail upon each of the parties listed below:

Thomas M. Woods, AUSA
US Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
206-553-4312
Fax: 206-553-0755
Email: Thomas.woods2@usdoj.gov

*Attorneys for the United States*

Robert Leen
The Moose Tower
3221 Oakes Avenue
Everett, WA 98201
206-498-8659
Fax: 425-259-2621
Email: robert.leen.pops@gmail.com

*Attorneys for Defendant*

By: s/ John R. Tyler
John R. Tyler #42097
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: RTyler@perkinscoie.com
Attorneys for Non-Party Google Inc.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR10-328JCC) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL22962058.3