UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD BREKKE,<br><br>    Defendant. | CASE NO. CR10-0328-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's writ of error in the nature of a *coram nobis* (Dkt. No. 419). Having thoroughly considered the motion and the relevant record, the Court DENIES the writ.

Defendant was convicted following a jury trial on one count of conspiracy to commit theft of public money and three counts of wire fraud. (Dkt. Nos. 213, 294.) On June 22, 2012, the Court sentenced him to 144 months imprisonment. (Dkt. No. 294.) Defendant's convictions were affirmed on appeal. (Dkt. Nos. 317, 318.) The Court subsequently dismissed with prejudice Defendant's § 2255 petition, and the Ninth Circuit denied his request for a certificate of appealability. *Ronald Brekke v. United States of America*, Case No. C14-1354-JCC, Dkt. Nos. 8, 31 (W.D. Wash. 2014). Since then, Defendant has filed numerous motions, writs, and other documents, all of which have been denied. (*See, e.g.*, Dkt. Nos. 396, 401, 407) (FOIA request, motion for jurisdictional clarification, and motion to vacate or show cause, respectively).

Defendant now seeks a writ of error *coram nobis* alleging:

> (1) Errors-in-fact and law, knowingly and intentionally committed, as well as material omission, fraud, misrepresentations, concealment and deceit therein in reckless disregard for the truth; and (2) errors-in-fact by use of legal fictions to prejudice my liberty interest by forcing me to 'take responsibility' (i.e. provide surety) against my will, under threat, duress and coercion, in an Article I Court, using a combination of law forms, i.e. admiralty, statutory equity and public policy ('at law'), creating a grave miscarriage of justice.

(Dkt. No. 419 at 1.) In his 62-page writ, Defendant asks the Court to enjoin and vacate the judgment and grant any other relief it deems is warranted. (*Id*. at 56–57.)

A writ of error *coram nobis* is an "extraordinary remedy [to be rendered] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). To qualify for the writ, Defendant must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

Defendant has not shown that the first, second, or fourth elements are present in this case. Defendant has not demonstrated that a more usual remedy to raise his challenges is not available—indeed, he has already filed both a direct appeal and a habeas corpus petition to challenge his convictions. Similarly, he presents no valid reason why his latest challenges could not have been brought earlier. Defendant's writ neither raises new facts or information that would invalidate his conviction, nor facts or information that could not have been raised at an earlier time. Finally, Defendant has not identified an error in the Court's judgment, much less demonstrated that the error is of "the most fundamental character." *See Riedl*, 496 F.3d at 1006. Defendant just repeats various "legal" maxims and principles that are irrelevant and nonsensical. Most importantly, they do nothing to call into question the validity of his convictions, which were supported by substantial evidence and upheld by the Court of Appeals.

For those reasons, Defendant's writ of error in the nature of a *coram nobis* (Dkt. No. 419)

is DENIED. The Clerk is DIRECTED to send a copy of this order to Defendant.

DATED this 5th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR10-0328-JCC
PAGE - 3