THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR10-0328-JCC |
| Plaintiff, | ORDER |
| v. | |
| RONALD BREKKE, | |
| Defendant. | |

This matter comes before the Court on Defendant Ronald Brekke's motion to void judgment (Dkt. No. 434) and his motion for an injunction (Dkt. No. 437). Having thoroughly considered the motions and the relevant record, the Court hereby DENIES the motions for the reasons explained herein.

Mr. Brekke was convicted following a jury trial of one count of conspiracy to commit theft of public money and three counts of wire fraud. (Dkt. Nos. 213, 294.) In June 2012, the Court sentenced him to 144 months of imprisonment. (Dkt. No. 294.) His convictions were affirmed on appeal. (Dkt. Nos. 317, 318.) The Court subsequently dismissed with prejudice Mr. Brekke's 28 U.S.C. § 2255 petition, and the Ninth Circuit denied his request for a certificate of appealability. *Ronald Brekke v. United States of America*, Case No. C14-1354-JCC, Dkt. Nos. 8, 31 (W.D. Wash. 2014). Since then, Mr. Brekke has filed numerous motions and writs collaterally attacking his convictions, all of which the Court has denied. (*See, e.g.*, Dkt. Nos. 402 (order on

motion for jurisdictional clarification), 408 (order denying motion to vacate or show cause), 420 (order denying writ of error *coram nobis*).)

Mr. Brekke now asks the Court to find that his judgment of conviction was void *ab initio* and issue an injunction against the wrongful judgment. (Dkt. Nos. 434, 437.) Mr. Brekke asserts that his convictions should be set aside and he should be released from confinement because of Sixth Amendment violations, lack of subject matter jurisdiction, and fraud and fraud on the Court. (Dkt. No. 434 at 1, 43; Dkt. No. 437 at 8.) He claims, among other things, that the "Government knowingly and intentionally selectively hid from the jury material facts they knew exonerated me," and, "[i]n order to ensure the fraud, the Government never properly brought the subject matter before the Court." (Dkt. No. 434 at 48–49.) Mr. Brekke also asks the undersigned to recuse, stating: "As a final note, while it may be safe to presume that this kind of filing will be presided over by someone other than [Judge] Coughenour, nonetheless, I ask for his recusal." (Dkt. No. 434 at 52.)

As a threshold matter, Mr. Brekke has not provided a basis for the undersigned to recuse himself. Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding in which his impartiality "might reasonably be questioned," including "circumstances where he or she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The fact that a judge has made rulings adverse to a party, standing along, is not a basis for disqualification under § 455. *Liteky v. United States*, 510 U.S. 450, 555. Mr. Brekke does not identify any reason why the undersigned's impartiality could reasonably be questioned here. He points to no evidence of bias or prejudice that might prevent a fair decision on the merits, and the Court finds none. Accordingly, the Court DENIES Mr. Brekke's recusal request and turns to the instant motions.

Mr. Brekke's motions challenge his criminal convictions and resulting confinement, arguing his judgment of conviction was void because of lack of subject matter jurisdiction and fraud on the Court. As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism for a federal prisoner to seek relief from his conviction and sentence. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner is limited to one § 2255 petition and may only bring a second or successive petition if it has first been certified by the court of appeals to contain either newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Even if a motion is styled as a motion for relief from a void judgment, it must be treated as a disguised successive § 2255 petition if it attacks the validity of the petitioner's criminal conviction. *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Mr. Brekke has already filed a § 2255 petition without success. His present motions, while styled as motions for relief from a void judgment, attack the validity of his criminal conviction and therefore amount to an unauthorized successive petition. Accordingly, the motions (Dkt. Nos. 434, 437) are DENIED.

DATED this 20th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE