THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD L. BREKKE,<br><br>　　　　　　Defendant. | CASE NO. CR10-0328-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Ronald L. Brekke's motion for early termination of supervised release (Dkt. No. 473). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

After a three-day jury trial, Mr. Brekke was found guilty of three counts of wire fraud and one count of conspiracy to commit theft of public money, false or fraudulent claims, and false statements. (Dkt. No. 294.) In June 2012, the Court sentenced Mr. Brekke to 144 months of imprisonment, followed by three years of supervised release. (Dkt. No. 292.) After completing his prison sentence on December 10, 2021, Defendant began his term of supervised release which is set to expire on December 9, 2024. (Dkt. No. 462.) Defendant now asks the Court to terminate his term of supervised release approximately 24 months early

because, "he is very unlikely to become involved in any criminal behavior of scheme again [and] [h]e has the resources and a thought-out plan on how to become the law-abiding self-sufficient citizen hoped for by the probation office." (Dkt. No. 473 at 4.) Both the Probation Department and the Government object to early termination. (Dkt. No. 474 at 1.)

## II.  DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

Mr. Brekke is responsible for orchestrating a massive fraudulent tax scheme, to the tune of approximately four hundred thousand dollars in illicit profit. (Dkt. No. 474 at 1.) Rather than showing contrition, Mr. Brekke has filed dozens of post-trial filings maintaining his lack of guilt. (*See e.g.*, Dkt. 463 at 4.) Therefore, the need to deter future criminal conduct and protect the public from further crimes weigh against early termination. Notwithstanding the factors that weigh in favor of early termination—Defendant's age and his lack of criminal history—Defendant's conduct suggests that there is a possibility he will reoffend. Given the nature of Defendant's offense and the need to protect the public from further crimes, the Court finds that early termination of supervised release would not be in the interest of justice.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 473) is DENIED.

//

1 | DATED this 5th day of January 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE