THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR10-0328-JCC |
| Plaintiff, | ORDER |
| v. | |
| RONALD L. BREKKE, | |
| Defendant. | |

This matter comes before the Court on Defendant's renewed motion for early termination of supervised release (Dkt. No. 476). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

After a three-day jury trial, Mr. Brekke was found guilty of three counts of wire fraud and one count of conspiracy to commit theft of public money, false or fraudulent claims, and false statements. (Dkt. Nos. 45, 213.) The Court sentenced Mr. Brekke to 144 months of imprisonment, followed by three years of supervised release. (Dkt. Nos. 292, 294.) After completing his prison sentence, Defendant began his term of supervised release which is set to expire on December 9, 2024. (Dkt. No. 462.) In December 2022, Defendant moved for early termination of supervised release, (*see* Dkt. No. 473), which this Court denied. (*See* Dkt. No. 475.) Defendant renews the motion (Dkt. No. 476).

The Court may terminate a term of supervised release "if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

According to the United States Pretrial Services and Probation Department ("Probation"), Defendant has complied with supervision and submits regular monthly restitution payments. (*See* Dkt. No. 476 at 3.) He has made himself available for supervision and returns his probation officer's calls promptly. (*Id.*) Moreover, Defendant's most recent Post-Conviction Risk Assessment indicates he is at the lowest risk level of reoffending. (*Id.*) For those reasons, neither Probation nor the Government[1] opposes Defendant's request for early termination of supervision.

Given Defendant's performance on supervision and low risk of recidivism, along with his age and lack of criminal history, the Court finds that early termination of supervised release would be in the interest of justice. For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 476) is GRANTED.

DATED this 2nd day of July 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Although the Government "remains very concerned that [Defendant] will re-offend," it acknowledges Defendant's improved behavior on supervision and therefore "defers to the Court as to whether to terminate supervision now." (Dkt. No. 477 at 2.)